IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ST. PAUL MERCURY INSURANCE		)
COMPANY,					)
							)
		Plaintiff,			)
							)
	v.						)	No. 04 C 3534
							)
COMMERCIAL PROPERTY ASSOCIATES,	)
INC. and JEROLD S. RAWSON,		)
							)
		Defendants.			)
							)
_____	)
							)
JEROLD S. RAWSON,				)
							)
		Counterclaimant,		)
							)
	v.						)
							)
ST. PAUL MERCURY INSURANCE		)
COMPANY,					)
							)
		Counterdefendant.		)

## MEMORANDUM OPINION AND ORDER

In ruling on defendants' motions to dismiss, it was held that plaintiff had not satisfied its burden of providing competent proof that the amount in controversy requirement for diversity jurisdiction is satisfied. The case was dismissed without prejudice for lack of subject matter jurisdiction. See St. Paul Mercury Insurance Co. v. Commercial Property Associates, Inc., 2005 WL 1126883 (N.D. Ill. May 10, 2005) ("St. Paul I").

Familiarity with St. Paul I is presumed. Plaintiff has timely moved for reconsideration of St. Paul I. Plaintiff has not submitted any additional proof of its jurisdictional contentions, instead choosing to argue that the (a) the court committed legal error in holding that potential indemnity amounts are not part of the amount in controversy and, alternatively, that (b) the proofs already submitted adequately support that the amount in controversy exceeds $75,000. Although plaintiff has not submitted any additional factual support, defendant Commercial Property Associates, Inc. provides the additional representation that, through November 2, 2004,[1] its costs of representation in the underlying action were less than $5,000.

As was discussed in St. Paul I, 2005 WL 1126883 at *2-3, plaintiff's indemnity claim is not ripe because no liability has yet been incurred and therefore only the potential costs of defense may be considered in determining the amount in controversy.[2] Plaintiff cites two Seventh Circuit cases that it

---

[1]The federal action was filed on May 20, 2004. Counsel for Commercial Property in the federal litigation has clarified that, after November 2, 2004, he was no longer representing Commercial Property in the underlying litigation.

[2]In addition to the cases cited in St. Paul I, it is noted that another case from this court involving an underlying TCPA case recently reached this same holding. See Security Insurance Co. v. Surrey Vacation Resorts, Inc., No. 05 C 425 (N.D. Ill. April 26, 2005).

contends are to the contrary. Neither case was discussed in St. Paul I because neither case is on point.

America's Moneyline, Inc. v. Coleman, 360 F.3d 782 (7th Cir. 2004), does not involve insurance defense or indemnification. It holds that, in determining the amount in controversy for a case seeking to compel arbitration, the stakes at issue in the arbitration action represent the amount in controversy. Besides this not being an insurance defense case, plaintiff ignores that, when compelling an arbitration, the court retains jurisdiction to confirm or vacate any award issued in the underlying arbitration. "[T]he petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award." Id. at 787 (quoting Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157, 160 (2d Cir. 1998), cert. denied, 525 U.S. 1103 (1999)). Resolution of a duty to defend case does not provide the court with jurisdiction to subsequently review a judgment in the underlying litigation nor even jurisdiction to consider any subsequent duty to indemnify. Although related to the duty to defend case, the underlying litigation and any subsequent indemnity action are independent of the duty to defend case. If anything, Moneyline provides support for the holding in St. Paul I. Plaintiff ignores that the issue in Moneyline was whether the value of Coleman's pending state court class action could be considered. If compelled to

arbitrate, the arbitration would be an individual action and Coleman would have to drop her pending state court putative class action. The Seventh Circuit held that the value of the state court class action that would be dropped could not be considered in determining the amount in controversy for the federal action to compel arbitration. Moneyline, 360 F.3d at 786-87. Analogously, St. Paul I holds that the amount at issue in the underlying litigation is not considered in determining the value of duty to defend claim.

The other case cited by plaintiff is Motorists Mutual Insurance Co. v. Simpson, 404 F.2d 511 (7th Cir. 1968), cert. denied, 394 U.S. 988 (1969). That case did involve insurance coverage. However, in that case, liability had already been determined in the underlying action. The insurer sought a declaration that its policy of insurance did not provide coverage for the judgment that had been entered against a possible insured under the policy. The defendants in the case were not the driver whose status as an insured was at issue, but the estate of the victim of the accident and the automobile rental agency that owned the truck that suffered property damage. One issue was whether the potential $10,000 of insurance coverage for personal injury to the victim could be aggregated together with the truck owner's potential $5,000 of insurance coverage for personal property damage so as to satisfy the then-applicable

jurisdictional amount requirement of over $10,000. The Seventh Circuit held that the two amounts could not be aggregated because the liability of the two claimants was separate, not joint. Id. at 513. The present case does not involve an issue of joint or several liability and, unlike Simpson, there has not yet been any liability finding in the underlying action. Also, unlike the present case, a duty of defense was not at issue in the Simpson case because the two defendants were injured third parties, not potential insureds who might be provided a defense. See id. at 515.

Plaintiff has not provided any sufficient reason to change the prior ruling that the amounts to be considered for the jurisdictional amount requirement are the costs of defense and not any potential indemnification amounts.

The other issue raised by plaintiff is whether the proof it had previously submitted was sufficient to support that the costs of defense at issue exceed $75,000. The principal issue is whether the affidavit it submitted was sufficient to show that the jurisdictional amount requirement is satisfied. As discussed in St. Paul I, 2005 WL 1126883 at *1, since defendants had raised an issue as to the amount in controversy, the burden was on plaintiff to provide competent proof of the jurisdictional amount requirement. Plaintiff was no longer accorded a presumption that its own assessment of the amount in controversy was correct.

American Bankers Life Assurance Co. of Fla. v. Evans, 319 F.3d 907, 909 (7th Cir. 2003). The issue having been raised, plaintiff could not rely on general theories about possible damages, it had to provide specific proof. See id. As discussed in St. Paul I, 2005 WL 1126883 at *3-4, the affidavit provided by plaintiff lacks adequate specificity to support that the potential costs of defending the underlying lawsuit are likely to exceed $75,000. See also Security Insurance Co. v. Surrey Vacation Resorts, Inc., No. 05 C 425 (N.D. Ill. April 26, 2005). Plaintiff's contention that it could not have provided more details without revealing attorney-client matters is without merit. Revealing the hourly rate charged by the attorneys representing Commercial Property, the amount of hours already worked on the case, the names of current counsel in the underlying action, whether any legal work is being coordinated with other defendants, and even estimating the amount of hours expected to be expended on the case would not reveal any confidential matters. Nevertheless, in moving for reconsideration, plaintiff fails to provide any additional details. Further, the additional fact provided by Commercial Property that the amount expended on the underlying action as of the time the federal case was filed was something less than $5,000 is additional indication that the amount in controversy is not likely to exceed $75,000. Plaintiff has not satisfied its

burden of showing that the jurisdictional amount requirement is satisfied.

IT IS THEREFORE ORDERED that plaintiff's Rule 59(e) motion for reconsideration [38] is denied.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JUNE 15, 2005